## SUPREME COURT.

### SHELDON AND PHELPS agt. HAVENS.

In case of a transfer of the interest of the plaintiff in the subject of the action, it is optional with the court, on the death of the plaintiff, whether or not to allow the assignee to be substituted and the action continued in his name; and on the application, the defendant should be heard and his interests taken into account.

*New York Special Term, November* 1852.

ROOSEVELT, Justice.—Phelps, one of the plaintiffs in this action, after its commencement assigned all his interest to Sheldon, the other plaintiff.

Sheldon then died, and his administrator now asks that the suit may be continued in his name alone, as the sole existing party in interest.

The Code first provides that "no action shall abate by the transfer of any interest therein;" and secondly, that in case of such transfer, " the action shall be continued in the name of the original party; or, the court *may* allow the person to whom the transfer is made, to be substi uted in the action.

It is optional, therefore, with the court to allow or not, the retirement of Phelps. As in that case, however, there would be no party to respond in costs but •an administrator; and as the change is strenuously objected to, and no necessity for it is shown, it appears to me proper that the action, so far as he is concerned, should, as it clearly may, be continued in the name of the original party.

As to the administrator of Sheldon, the Code (§ 121) provides that in case of death of a party, the court may, on motion, " allow the action to be continued by his representative."

The administrator, therefore, may be let in; and under the circumstances of this case, it is peculiarly proper that he should be, to prosecute the suit; he being, if the allegations are well founded, the only real party in interest.

An order will be entered that the action be continued in the name of Phelps, and of Sheldon's administrator.